UNITED STATES of America,

v.

Ronald E. FERGUSON, Christopher P. Garand, Robert D. Graham, Christian M. Milton, and Elizabeth A. Monrad.

Criminal No. 3:06CR137 (CFD).

United States District Court, D. Connecticut.

Jan. 29, 2008.

Alfred U. Pavlis, Daly & Pavlis, LLC, Southport, CT, Clifford H. Schoenberg, Douglas I. Koff, Cadwalader Wickersham & Taft, LLP, New York, NY, James K. Robinson, Michael E. Horowitz, Cadwaler Wickersham & Taft, LLP, Washington, DC, Jonathan E. Rich, Proskauer Rose, LLP-CA, Los Angeles, CA, for defendant Ferguson.

Alan M. Vinegard, Douglas B. Bloom, Olivia A. Radin, Pamela A. Carter, Covington & Burling, LLP-NY, New York, NY, Peter H. White, Mayer Brown LLP-DC, Hope Ivy Hamilton, Covington & Burling, LLP-DC, Washington, DC, Jonathan E. Rich, Proskauer Rose, LLP-CA, Los Angeles, CA, William F. Dow, III, Jacobs, Grudberg, Belt, Dow & Katz, P.C., New Haven, CT, for defendant Graham.

Frederick P. Hafetz, Michael S. Chernis, Susan R. Necheles, Tracy E. Sivitz, Hafetz & Necheles, New York, NY, Richard A. Reeve, George Gust Kouros, Sheehan & Reeve, New Haven, CT, Jonathan E. Rich, Proskauer Rose, LLP-CA, Los Angeles, CA, for defendant Milton.

Brian M. Heberlig, Bruce C. Bishop, David M. Fragale, Eduardo L. Crosa, Erik L. Kitchen, Reid H. Weingarten, Steptoe & Johnson, Washington, DC, Jonathan J. Einhorn, New Haven, CT, Thomas Abbenante, Washington, DC, Jonathan E. Rich, Proskauer Rose, LLP-CA, Los Angeles, CA, for defendant Monrad.

Anthony Pacheco, Keith L. Butler, Proskauer Rose, LLP-CA, Los Angeles, CA, Jonathan E. Rich, Proskauer Rose, LLP-CA, Los Angeles, CA, Richard R. Brown, Brown, Paindiris & Scott, Hartford, CT, Richard L. Spinogatti, Robert J. Cleary, Proskauer Rose-NY, New York, NY, for defendant Garand.

Adam G. Safwat, Paul E. Pelletier, U.S. Department of Justice, Fraud-DC, Washington, DC, Eric J. Glover, Henry K. Kopel, U.S. Attorney's Office-NH, New Haven, CT, Raymond E. Paticcol, U.S. Attorney's Office-VA, Alexandria, VA, for plantiff.

David S. Samuels, Joseph R. Geoghegan, Edwards Angell Palmer & Ddge-HTFD-CT, Hartford, CT, Patricia E. Ronan, Rebecca C. Shore, Roberta A. Kaplan, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY, Robert D. Laurie, Goldberg Segalla LLP, West Hartford, CT, Alex V. Hernandez, Pullman & Comley-STMFD, Stamford, CT, Benjamin Singer, Lance Croffoot-Suede, Lawrence Byrne, Linklaters LLP, New York, NY, Sharon E. Jaffe, Levin & Glasser, Weston, CT, Brian E. Spears, Levett Rockwood, Westport, CT, Gregory J. Weingart, Munger Tolles & olson, LLP-CA, Los Angeles, CA, Shelley R. Sadin, Zeldes, Needle & Cooper, Bridgeport, CT, Stanley A. Twar-

dy, Jr., Day Pittney LLP-STMFRD-CT, Stamford, CT, for movants.

### RULING ON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM INTRODUCING CERTAIN EVIDENCE CONCERNING MAURICE R. GREENBERG

CHRISTOPHER F. DRONEY, District Judge.

The defendants moved to preclude the government from introducing evidence that American International Group, Inc.'s ("AIG") management, including its CEO Maurice "Hank" Greenberg, was personally involved with the loss portfolio transfer ("LPT") at issue in this case.[1] The evidence they seek to exclude includes newspaper articles that publicly disclosed the government's investigation of the LPT and Greenberg's possible involvement with the transaction, as well as analyst and portfolio manager testimony about investors' concerns when this news became publicly available. The defendants also seek to strike testimony from Charlene Hamrah and Alice Schroeder that relates to management integrity. For the following reasons, the defendants' motion is granted in part and denied in part.

 The Court concludes that the government may present evidence that AIG's management was involved with the LPT as evidence of materiality. "[M]ateriality depends on the significance the reasonable investor would place on the withheld or misrepresented information." *Basic, Inc. v. Levinson,* 485 U.S. 224, 240, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). A fact is material if there is a "substantial likelihood that the disclosure of the omit-

ted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Id.* at 231–32, 108 S.Ct. 978 (citation omitted). Although the Second Circuit has never squarely addressed the issue the defendants raised here, other Circuits have indicated that so long as the underlying alleged misrepresentation is itself not immaterial as a matter of law, management's involvement with the alleged misrepresentation may be considered by the jury in assessing the materiality of the misrepresentation to investors. *Greenhouse v. MCG Capital Corp.,* 392 F.3d 650, 659 (4th Cir.2004); *see Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824 (8th Cir.2003); *Zell v. InterCapital Income Securities, Inc.,* 675 F.2d 1041, 1046 (9th Cir.1982). The Court agrees with the Fourth Circuit's analysis in *Greenhouse.* Since investors' concerns about the integrity of AIG's management would have been derivative of AIG's alleged misrepresentations about its loss reserves, so long as that misrepresentation itself is not immaterial as a matter of law, management's role in the alleged fraud is relevant evidence of materiality. *See Greenhouse,* 392 F.3d at 659. In permitting the government's evidence here, the Court also notes that the Second Circuit has held that " '[q]ualitative factors may cause misstatements of quantitatively small amounts to be material,' " in particular where " 'the misstatement masks a change in earnings or other trends' " or where " 'the misstatement hides a failure to meet analysts' consensus expectations for the enterprise.' " *Ganino v. Citizens Utilities Co.,* 228 F.3d 154, 163 (2d Cir.2000) (quoting SEC Staff Accounting Bulletin

---

1. The defendants initially also moved to preclude other evidence concerning Greenberg but, as the government represented in its pa-

pers that it would not present that evidence, the Court does not address it here.

("SAB") No. 99, 64 Fed.Reg. 45150, 45152 (1999)).

 The Court also finds that, at this time, this evidence is admissible under Federal Rule of Evidence 403. Based upon the current record and the nature of the anticipated testimony concerning AIG's management's involvement with the LPT, the probative value of this evidence in assessing the materiality of the underlying alleged misrepresentation to investors is not substantially outweighed by the risk of undue prejudice to the defendants. In reaching this conclusion, the Court assumes an agreed upon limiting instruction for the government's use of the newspaper articles it plans to use as evidence of the information provided to investors about the LPT in 2005, as well as the government's redactions of those articles, with one exception: the government shall also redact the sentence "While the specifics of the transaction with Gen Re are not clear, a person briefed on the matter said that it appeared to fail the risk-transfer test that was necessary for a transaction to receive favorable insurance accounting." from the March 14, 2005 New York Times article. These precautions will prevent any undue prejudice to the defendants that is foreseeable at this time; as always, however, since the balance of relevant interests may change as the trial progresses, the defendants may object to specific questions posed by the government to its witnesses on this basis.

Accordingly, the defendants' motion is denied except to the extent that the Court orders the government to further redact the March 14, 2005 New York Times article, as explained above. As this ruling permits the government to present evidence concerning management integrity in 2005, the defendants' motion to strike portions of the testimony of Alice Schroeder and Charlene Hamrah on those subjects is also denied.

The defendants' motion [docket # 891] is granted in part and denied in part.

SO ORDERED.